# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY POTTER,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:17-1314** |
| v | : | |
| | | **(JUDGE MANNION)** |
| **Warden L.J. ODDO,** | : | |
| **Respondent** | : | |

## **MEMORANDUM**

Petitioner, Gregory Potter, an inmate currently confined in the Allenwood United States Penitentiary, White Deer, Pennsylvania ("USP-Allenwood"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges a conviction and sentence imposed by the United States District Court for the Middle District of Tennessee. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

## I. **Background**

On March 20, 2002, a jury convicted Petitioner and his co-Defendant, Rufus Thompson, on multiple counts arising from three fire bombings of two residences that occurred in Nashville, Tennessee. See Thompson v. United

States, 2006 WL 1129377 (M.D. Tennessee). A third co-conspirator, William Hunnicutt ("Hunnicutt"), entered a guilty plea and testified against Petitioner and Thompson at trial. Id.

The prosecution involved Potter's and Hunnicutt's use of Molotov cocktails to burn down two houses in the spring of 2001 at Thompson's direction. Id. The residents of these homes had contacted police repeatedly about Thompson's drug trafficking activity in the neighborhood. Id.

The jury convicted Petitioner of conspiracy to make and possess firearms, in violation of 18 U.S.C. §371 (Count 1); possession of unregistered firearms, in violation of 26 U.S.C. §5861(d) (Counts 2, 8, 14); aiding and abetting a convicted felon in possession of firearms, in violation of 18 U.S.C. §922(g)(1) (Counts 4, 10, 16); aiding and abetting the use and carrying of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§924(c) & 2 (Counts 5, 11, 17); and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924(c) (Counts 6, 12, 18). U.S. v. Thompson, et al., 3:01-cr-0116-2 (Middle District of Tennessee).

On June 17, 2002, the Court sentenced Petitioner to five consecutive terms of life imprisonment as follows: 60 months on Count 1 and 120 months

on Counts 10, 14 and 16, to run concurrently; 120 months on Count 2, to run consecutively; 120 months on Count 4, to run consecutively; 60 months on Count 8, to run consecutively; 360 months on Count 5, to run consecutively; life on Counts 6, 11-12 and 17-18, to run consecutively to each other and to all other counts. Id. Additionally, Petitioner was sentenced to five years supervised release as follows: 36 months as to Counts 1, 2, 4, 8, 10, 14 and 16, and 60 months as to Counts 5-6, 11-12 and 17-18, to all run concurrently, as well as restitution in the amount of $147,996.29, and a special assessment of $1,600.00. Id.

On June 26, 2002, Petitioner filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit. Id.

On April 12, 2004, the Sixth Circuit affirmed the judgment of the district court. Id.

On July 2, 2004, Potter filed a §2255 motion to vacate, set aside or correct, which was denied on June 8, 2005. See Potter v. United States, 3:04-cv-0587 (Middle District of Tennessee). Petitioner then filed an unsuccessful February 2008 motion under Fed. R. Civ. P. 60(b); an unsuccessful application for permission to file a late appeal from the district court's judgment in his §2255 action; and an unsuccessful 2009 habeas petition

under 28 U.S.C. §2241 to reinstate the time limit to appeal his dismissed 28 U.S.C. §2255 motion. Id.

On November 10, 2016, the United States Court of Appeals for the Sixth Circuit denied Potter's motion to file a second or successive motion to vacate, finding that Potter has not made a *prima facie* showing required under §2255(h)(2) because Johnson v. United States, 135 S. Ct. 2551 (2015), did not invalidate the definition of "crime of violence" that is set forth in 18 U.S.C. §924(c)(3)(B). In re: Gregory Potter, No. 16-6020 (6th Cir. Nov. 10, 2016).

On July 26, 2017, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he claims that "at the time his convictions became final, and also after his direct appeal and initial habeas motion, 28 U.S.C. §2255 in June 2005, that the relied upon 2011 decision in Evans v. Zych, 644 F.3d 447 (6th Cir. 2001) was not available, and that petitioner never had an opportunity to challenge his convictions with the Sixth Circuit's interpretation of 26 U.S.C. §5861(d) possession of an unregistered firearm as being a crime of violence under the definition of 18 U.S.C. §924(c)(3)." (Doc. 1, petition). Potter states that "under Dorsainvil and its progeny, this court can exercise Section 2241 jurisdiction over this petition if, petitioner demonstrates: (1) his actual innocence, (2) as a result of retroactive

4

change in substantive law that negates the criminality of his conduct (3) for which he had no other opportunity to seek judicial review." Id. Petitioner believes that he is entitled to habeas relief, because "in the case of Evans v. Zych, the Sixth Circuit by categorical approach focused on the statutory definition of the offense of Section 5861(d) and determined it not to be a crime of violence under the definition of 18 U.S.C. §924(c)(3)." Id. As such, he concludes that "that determination of Section 5861(d) renders Petitioner's conduct no longer criminal on (3) of his convictions of counts 6, 12, and 18." Id.

## II. Discussion

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Here, Petitioner is clearly challenging his conviction and sentence. Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See section 2255 ¶5 (the

motion must be filed in "the court which sentenced him").

A defendant can pursue a §2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255 ¶5; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). A motion under §2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" In re Dorsainvil, 119 F.3d at 251-52; Cagel v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). "Critically, §2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." Long, 611 F. App'x at 55; see Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative...." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986), cert. denied, 479 U.S. 993 (1986). If a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1164, 1165 (3d Cir. 1971) (per curiam)

(quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). Specifically, the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's underlying conduct, but he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive §2255 motion." Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted); see In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997).

The Third Circuit has also noted that extraordinary circumstances may justify invoking the savings clause. See Long, 611 F. App'x at 55. The burden is on the habeas petitioner to demonstrate inadequacy or ineffectiveness. See In re Dorsainvil, 119 F.3d at 251-52; Cagel v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). "Critically, §2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." Long, 611 F. App'x at 55; see Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative...." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986), cert. denied, 479 U.S. 993 (1986). If a petitioner improperly challenges a federal conviction or sentence

under §2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1165.

However, as recognized in Dorsainvil, a federal prisoner can pursue relief under §2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal so as to avoid a complete miscarriage of justice. Dorsainvil, 119 F.3d at 251; see also Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding §2241 may not be used to raise an Apprendi v. New Jersey, 530 U.S. 466 (2000) claim that is barred by the procedural limitations imposed by the AEDPA); Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on Apprendi. United State v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Sentencing claims "[do] not fall within the purview of the savings clause." Adderly v. Zickefoose, 459 F. App'x 73 (3d Cir. 2012); Pearson v. Warden Canaan USP, 685 F. App'x 93, 96 (3d Cir. 2017) ("§2241 is not available for an intervening change in the sentencing laws.").

Here, Petitioner attempts to challenge his 2002 criminal convictions and sentences, based on the Sixth Circuit's decision in Evans v. Zych, 644 F.3d 447 (6th Cir. 2011), which found that convictions under 26 U.S.C. §5861(d) for

8

unlawful possession of a firearm do not constitute crimes of violence for purposes of 18 U.S.C. §924(c)(3). As discussed above, to proceed under §2241, he must demonstrate that a §2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). Petitioner has not met this burden. Petitioner presents no reason as to why his claim under Evans , a 2011 case, could not have been presented in a §2255 motion, or as grounds for a motion to file a second or successive petition. As such, his claim does not fall within the purview of the savings clause, as he has not demonstrated that an intervening change in the law made his underlying conviction non-criminal and that he had no prior opportunity to challenge his conviction, and could not satisfy the stringent standard for filing a second or successive §2255 motion. The fact that the Sixth Circuit denied Petitioner's request to file a second or successive §2255 motion does not make §2255 relief inadequate or ineffective. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) (stating that a petitioner "cannot contend that §2255 is inadequate or ineffective to protect him, even if he cannot prevail under it"); Long, 611 F. App'x at 55 ("Critically, §2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements.").

"The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255." Dusenbery v. Oddo, No. 17-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Because Petitioner has failed to demonstrate that a §2255 motion is inadequate or ineffective to test the legality of his detention, permitting him to proceed under §2241, the Court will dismiss Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241, for lack of jurisdiction.

### III. Conclusion

Based on the foregoing, Potter's petition for writ of habeas corpus will be **DISMISSED** for lack of jurisdiction. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to §2255, no action by this Court with respect to a certificate of appealability is necessary. An appropriate order follows.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: November 20, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1314-01.wpd

10